IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
(TAMPA DIVISION)

Ausencio Feria, individually and as natural
guardian of his minor children Ay.M, K.M., A.M.,
and C.S.
      Plaintiff(s),                       Case No.: 8:21-cv-01791-MSS-CPT

vs.

US Solar Squared, LLC;
L & V Landscaping and Tree Service, LLC
      Defendant(s).
_____/

## AMENDED COMPLAINT

COMES NOW, the Plaintiff Ausencio Feria (hereinafter "Plaintiff"), individually and as natural guardian of his minor children Ay.M, K.M., A.M., and C.S. ("Minor Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(a)(1); and files this lawsuit against the Defendants US Solar Squared, LLC ("US Solar") and L&V Landscaping and Tree Service, LLC ("L&V"), and states as follows in support thereof:

### Jurisdictional Allegations and Identification of Parties

1.    This is an action within the jurisdiction of this Court as the amount in controversy exceeds $75,000.00 exclusive of interest, costs, and attorney's fees pursuant to 28 U.S. Code § 1332(a), and this action is between citizens of different States as at all times material including at the time of filing the instant lawsuit;

1

2.      Plaintiff Ausencio Feria is a citizen of the State of Oaxaca, Mexico who has not been admitted for permanent residence in the United States.[1]

3.      Plaintiff Ausencio Feria is further a citizen of Oaxaca Mexico within the meaning of 28 U.S.C. 1332(a), as Oaxaca, Mexico is the location of Plaintiff's domicile, true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom; and states the following grounds in support:

    a.  Plaintiff is a citizen of Mexico.

    b.  Plaintiff is registered to vote in Mexico.

    c.  Plaintiff is subject to and enrolled in the "Servicio Militar Nacional," Mexican Selective Service Military Conscription Program.

    d.  Plaintiff maintains a permanent home and residence in Santa Catarina Juquila, State of Oaxaca, Mexico, to which he intends to return.

    e.  Plaintiff was born in Oaxaca, Mexico.

    f.  Plaintiff has never been a citizen or legal resident of the United States.

    g.  Plaintiff does not maintain a permanent home or residence anywhere in the United States.

    h.  Plaintiff does not own real property anywhere in the United States.

    i.  At all times Plaintiff's presence in the United States was solely as a temporary worker for the purpose of earning money to support himself and his family upon returning to his permanent home in Mexico.

    j.  At the time of the filing of this lawsuit Plaintiff did not and does not have any intention to remain in Florida or other parts of the United States, and intends to return to his permanent home and domicile in Oaxaca, Mexico.

---

[1]*See Stirzaker v. Howard*, Case No.: 3:00-cv-1350-J-20TJC, 2001 U.S. Dist. LEXIS 17013, at *4-5 (M.D. Fla. Aug. 30, 2001) (following *Foy v. Schantz, Schatzman & Aaronson, P.A.*, 108 F.3d 1347, 1350 (11th Cir. 1997)).

4.      Plaintiff is the natural guardian of his minor children Ay.M (DOB XX/XX/2013), K.M. (DOB XX/XX/2010), A.M. (DOB XX/XX/2008), and C.S. (DOB XX/XX/2004)[2] and therefore is entitled to bring the instant action on their behalf pursuant to Florida Statutes § 744.301 and Federal Rule of Civil Procedure 17(c)(2).

5.      Minor Plaintiffs Ay.M, K.M., A.M., and C.S are also citizens of and domiciled in Oaxaca, Mexico within the meaning of 28 U.S.C. 1332(a). The Minor Plaintiffs reside with their father, natural guardian, and custodial parent Plaintiff Ausencio Feria, who is a citizen of and domiciled in Mexico. Therefore, as minors who are legally incapable of forming the requisite intent to establish a domicile, their domicile is determined by that of their parent and natural guardian Ausencio Feria.[3]

    a.  Furthermore, the Minor Plaintiffs;

        i.  Through their father Ausencio Feria maintain their permanent home and residence in Santa Catarina Juquila, State of Oaxaca, Mexico, to which they shall return with their father;

        ii.  mother Alicia Zurita, is also domiciled in and a citizen of Oaxaca, Mexico for the substantially same or similar reasons alleged by Plaintiff Ausencio Feria, supra at ¶¶ 2-3.

        iii.  do not maintain a permanent home or residence anywhere in the United States;

        iv.  do not own real property anywhere in the United States;

        v.  are citizens of Mexico.

---

[2]*See United States Middle District of Florida's Administrative Procedures for Electronic Filing Section IV(D)* (unless the Court orders otherwise, documents filed electronically that include name of an individual known to be a minor, financial account, individual's birth date must be redacted).

[3]*See Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608, 104 L. Ed. 2d 29 (1989).

6.      Defendant US Solar is a Florida Corporation whose principal place of business is located in Hillsborough County Florida.

7.      Defendant L&V is a Florida Corporation whose principal place of business is located in Hillsborough County Florida.

8.      Venue is proper in the United States District Court for the Middle District of Florida (Tampa division) pursuant to 28 U.S. Code § 1391(b)(1) and 28 U.S. Code § 1391(d) as it is the judicial district where Defendants L&V and US Solar reside.

9.      Jurisdiction over L&V and US Solar by this Court is also proper as the Defendants are corporations registered to do business in the State of Florida and whose principal places of business are located in Hillsborough County, Florida.

10.      On or about November 13, 2019, US Solar was hired by Amber Joyner and Jared Joyner ("the homeowners") to perform the installation of a residential solar roof-mounted photovoltaic system at their single-family residence located at 42 Blue Jordan Road, in Polk County, Florida ("the subject location").

11.      All claims herein are plead in the alternative and regardless of consistency in accordance with Federal Rule of Civil Procedure 8(d).

## COUNT I

(Negligence as to US Solar – Failure to provide a safe workplace)

12.    Plaintiff repeats and realleges paragraphs 1-11.

13.    On or about February 27, 2020, US Solar applied for and received a permit from the Polk County Building Department for the installation of a residential solar roof-mounted photovoltaic system at the subject location. **See Exhibit  A – Polk County Building Permit**.

14.    At all times material, as the licensed contractor to whom the building permit was issued; US Solar was directly participating in all construction activities including the selection and supervision of subcontractors, purchasing of materials, and cognizance of day-to-day construction operations.[4]

15.    Pursuant to the terms of the building permit, US Solar was identified as the primary contractor who would be responsible for performing the solar panel installation and complying with all applicable building codes and regulations relating to this work.

16.    Pursuant to Florida Statutes § 377.705(4)(a-d) (*Solar Energy Center; development of solar energy standards*), US Solar was required to perform the solar panel installation in accordance with the standards published by the Florida Solar Energy Center including *Florida Standards for Design and Installation of Solar Thermal Systems ("FSEC") 104-10 § 6.5.13 Shading of Collector*.

17.    Pursuant to Florida Building Code § M2301.2.2.2 (Collector sensors.) and 29 CFR 200.950(a)(1), US Solar was required to perform the solar panel installation in accordance with SRCC-OG-300.

18.    Pursuant to *FSEC Standard 104-10 § 6.5.13 and SRCC-OG-300* US Solar was required to ensure that orientation of the solar collector at the subject location would be such that it was not shaded by external obstructions or mutual shadowing more than the specified period allowed for in the design.

---

[4]*Hawaiian Inn Inc. v. Robert Myers Painting, Inc.*, 363 So. 2d 125, 126 (Fla. 1st Dist. Ct. App. 1978).

19.     On or about November 6, 2020, US Solar was notified by the homeowners at the subject location that the solar panels it had installed were underperforming or malfunctioning.

20.     After determining that the underperformance/malfunctioning of its solar panel installation was due to shading caused by trees which were left standing at the subject location; US Solar agreed to trim the trees at the subject location as part of the services it had agreed to provide regarding the installation of its residential solar panel system.

21.     Subsequently, on December 11, 2020, Plaintiff was hired to perform tree trimming services on behalf of US Solar and its subcontractor L&V at the subject location.

22.     As US Solar had commenced the solar installation project as of at least February 27, 2020, US Solar had superior actual or constructive knowledge of all hidden dangers at the subject location including the condition of and location of any unstable or weakened tree branches, which would not have been readily apparent to the Plaintiff.

23.     At all times material as the primary contractor responsible for performing the solar panel installation and related work, US Solar was either present, and/or actively participating, monitoring, and supervising in the work being performed at the jobsite including the work which was being performed on December 14, 2020.

24.     Accordingly, as the primary contractor responsible for performing the solar panel installation at the subject location US Solar owed all employees working at the jobsite including Plaintiff a duty to keep the entire jobsite reasonably safe and ensure that no subcontractor created a condition that posed an unreasonable danger to others on the jobsite.[5]

---

[5]*See Worthington Cmtys., Inc. v. Mejia*, 28 So. 3d 79, 87 (Fla. 2d DCA 2009); *Lewis v. Sims Crane Serv., Inc.*, 498 So. 2d 573, 574-75 (Fla. 3d DCA 1986); *See McGee v. C. Ed De Brauwere & Co.*, 117 Fla. 859, 860, 162 So. 510, 510 (1935).

25. US Solar breached these duties of care by engaging in the following negligent acts and omissions:

    a. Improperly designing and installing the solar panel in compliance with Florida Statutes § 377.705(4)(a-d); *FSEC Standard 104-10 § 6.5.13,* which required US Solar to perform additional tree trimming and removal at the jobsite due to the shadowing caused by these external obstructions.

    b. Failing to properly supervise and monitor the work and safety activities of L&V in accordance with US Solar's common law duty as the contractor responsible for the work.

    c. Directing Plaintiff to perform tree trimming at an elevated height which without required safety equipment including fall protection gear;

    d. Failing to properly train plaintiff regarding the use and operation of safety equipment required to perform tree trimming;

    e. Hiring insufficient workers to safely perform the tree trimming work at the subject location;

    f. Failing to adequately supervise and monitor the work being performed by Plaintiff;

    g. Failing to ensure the presence of a competent safety personnel and foreman at the jobsite;

    h. Failing to enforce industry standard safety protocols for tree trimming and working from at an elevated height;

    i. Failing to ensure US Solar and L&V observed proper safety protocols and procedures while performing work at the jobsite;

    j. Failing to make diligent inquiry into the qualification and ability of L&V to safely and competently perform professional tree trimming work;

    k. Failing to ensure that L&V's employees were properly trained and qualified to perform specialized tree trimming work required for solar panel installations;

26.     As a direct and proximate result of the foregoing negligent acts on December 14, 2020,
Plaintiff was severely injured when at the direction of US Solar and its subcontractor L&V, Plaintiff was
ordered to trim tree branches which were located an elevation of over 20 feet without supervision or proper
training at the subject location. At all times US Solar and L&V were fully aware that Plaintiff was not
wearing proper safety equipment and had no previous experience performing specialized tree trimming
work required for solar panel installations. Subsequently, while attempting to trim the tree branches which
US Solar had determined were causing the solar panel installation to malfunction a branch on the tree gave
way causing the Plaintiff to fall to the ground.

<u>Damages of Plaintiffs</u>

27.     <u>Plaintiff Ausencio Feria</u>

   a.   As a further direct and proximate result and/or concurring cause of the negligence of US
        Solar as described above, Plaintiff, suffered great bodily injury and resulting physical pain
        and suffering, disability, disfigurement, mental anguish, suffering and disability, loss of
        the capacity for the enjoyment of life, expensive hospitalization, medical nursing care and
        treatment, loss of past earnings, loss of the ability to earn money in the future, and
        aggravation of an existing condition.  The losses are permanent in nature, and the Plaintiff
        will suffer said losses in the future.

28.     <u>Minor children Ay.M, K.M., A.M., and C.S</u>

   a.   At all times Plaintiff Ausencio Feria was the natural father and guardian of his minor
        children Ay.M, K.M., A.M., and C.S

   b.   As a result of the negligence of US Solar as alleged herein, Plaintiff suffered significant
        permanent injuries and permanent disability.

    c.    Therefore, pursuant to Florida Statutes § 768.0415, Ay.M, K.M., A.M., and C.S as the minor children of Plaintiff are entitled to damages, including damages for mental anguish, permanent loss of services, comfort, companionship, and society.

WHEREFORE Plaintiff demands judgement for damages against US Solar and trial by jury of all issues so triable as of right.

## **COUNT II**
(Negligence as to US Solar – Breach of nondelegable duty)

29.    Plaintiff repeats and realleges paragraphs 1-11.

30.    On or about February 27, 2020, US Solar applied for and received a permit from the Polk County Building Department for the installation of a residential solar roof-mounted photovoltaic system at the subject location. **See Exhibit A.**

31.    Pursuant to the terms of the building permit, US Solar was identified as the primary contractor who would be responsible for performing the solar panel installation and complying with all applicable building codes and regulations relating to this work.

32.    At all times material, as the licensed contractor to whom the building permit was issued; US Solar was directly participating in all construction activities including the selection and supervision of subcontractors, purchasing of materials, and cognizance of day-to-day construction operations.

33.    Pursuant to the design engineering and specifications which US Solar submitted to the Polk County Building Department, US Solar was obligated to perform this construction work in full compliance with all applicable regulations including but not limited to the Florida Building Code and the National Fire Protection Association Fire Code NFPA 1 §§ 10.13.9 (Provisions for Natural Cut Trees); 10.13.10 (exterior vegetation). **See Exhibit B – US Solar Design Engineering Specification for subject location**.

34.    Pursuant to Florida Statutes § 377.705(4)(a-d) (Solar Energy Center; development of solar energy standards), US Solar was required to perform the solar panel installation in accordance with the

standards published by the Florida Solar Energy Center including *FSEC Standard 104-10 § 6.5.13 Shading of Collector.*

35.     Pursuant to *FSEC Standard 104-10 § 6.5.13* US Solar was further required to ensure that orientation of the collector would be such that it would not be shaded by external obstructions or mutual shadowing more than the specified period allowed in the design.

36.     On or about November 6, 2020, US Solar was notified by the homeowner at the subject location that the solar panels it had installed were underperforming or malfunctioning. After determining that the underperformance/malfunctioning of its solar panel installation was due to shading caused by trees at the subject location US Solar agreed to trim the trees at the subject location.

37.     Pursuant to the terms of the agreement between the homeowners and US Solar; US Solar agreed that its company would complete tree trimming at the subject location "*with professionalism and by using all recommended safety procedures*" to ensure the that the photovoltaic system being installed was in adequate sunlight in order to produce the solar energy required. **See Exhibit C – US Solar Tree Trimming Completion Form.**

38.     Subsequently, on December 11, 2020, at US Solar's direction Plaintiff was hired to work on the subject premises for the purpose of performing tree trimming services on behalf of US Solar and its subcontractor L&V at the subject location.

39.     As US Solar had commenced the solar installation project as of at least February 27, 2020, US Solar had superior actual or constructive knowledge of all hidden dangers at the subject location including the condition of and location of any weak or unstable tree branches, which would not have been readily apparent to the Plaintiff.

40.     At all times material as the primary contractor responsible for performing the solar panel installation and related work US Solar was either present, and/or actively participating, monitoring, and

supervising in the work being performed by Plaintiff at the jobsite including the work which was being performed on December 14, 2020.  Moreover, all tree trimming work was required to be performed according to the standards and specifications of US Solar.

<u>Nondelegable duties of US Solar</u>

41.    Accordingly, US Solar owed Plaintiff the nondelegable duties of care enumerated below:

a.  Pursuant to the terms of the initial contract between the homeowners and the subsequent agreement to provide tree trimming services, US Solar assumed the following nondelegable duties of care by contract;

i.  to conduct all tree trimming operations at the subject location in a safe and professional manner;

ii.  design and install the solar panels and electrical systems at the subject location in full compliance with all applicable safety regulations including Florida Building Code and the National Fire Protection Association Fire Code NFPA 1 §§ 10.13.9 (Provisions for Natural Cut Trees); 10.13.10 (exterior vegetation).

iii.  Perform all work in full compliance with the engineering design plans and specifications which were signed and approved by the professional engineer and approved by the Polk County building department for the solar panel installation on the subject premises; including but not limited to:

1)  Florida Statutes § 377.705(4)(a-d) (Solar Energy Center; development of solar energy standards), and the standards published by the Florida Solar Energy Center including *FSEC Standard 104-10 § 6.5.13 Shading of Collector.*

2) Florida Building Code § M2301.2.2.2 (Collector sensors.) and 29 CFR 200.950(a)(1), requiring US Solar to perform the solar panel installation in accordance with SRCC-OG-300 (operating guidelines and minimum standards for certifying solar water hearing systems).[6]

b. As the licensed contractor to whom Polk County issued a building permit for installation of a residential roof mounted solar panel heating system; US Solar owed Plaintiff a nondelegable duty to comply with all applicable statutes and regulations and perform its work with the necessary degree and skill adequate to the performance of the operation including the duty to;[7]

i. Refrain from performing any work not in compliance with any applicable building code, ordinance, law, rule, regulation, police, or procedure, and any amendments thereto, adopted by the commission, including *inter alia* Florida Building Code § M2301.2.2.2; Florida Statutes § 377.705(4)(a-d); 29 CFR 200.950(a)(1).

ii. Refrain from departing in any material respect from the plans or specifications of the project which the contractor has to perform. Specifically, the engineering designs and plans which were signed and approved by the professional engineer and approved by the Polk County building department for the solar panel installation on the subject premises.

---

[6]*Gordon v. Sanders,* 692 So. 2d 939, 941 (Fla. 3d DCA 1997*); CH2M Hill Se., Inc. v. Pinellas Cnty.*, 698 So. 2d 1238, 1240 (Fla. 2d DCA 1997) ("[w]here an express provision within a professional services contract provides for a heightened standard of care, however, the professional must perform in accordance with the terms of the contract"); *Atchley v. First Union Bank*, 576 So. 2d 340, 343-44 (Fla. 5th DCA 1991) (". . .although the duty to perform may be delegated to an independent contractor, the liability for misfeasance cannot be avoided by the person who obligated himself originally to perform the contract").

[7]*See Bialkowicz v. Pan Am. Condo. No. 3, Inc.*, 215 So. 2d 767, 771-72 (Fla. 3d DCA 1968).

    iii.   Design and install the solar panels and electrical systems at the subject location in full compliance with all applicable safety regulations including Florida Building Code and the National Fire Protection Association Fire Code NFPA 1 §§ 10.13.9 (Provisions for Natural Cut Trees); 10.13.10 (exterior vegetation).

    iv.   Design and install the solar panels and electrical systems at the subject location in compliance with Florida Statutes § 377.705(4)(a-d) (Solar Energy Center; development of solar energy standards), and the standards published by the Florida Solar Energy Center including *FSEC Standard 104-10 § 6.5.13 Shading of Collector*.

c.   As the primary contractor in control of the premises where the jobsite was located; and who was responsible for performing the construction project at the jobsite pursuant to the terms of its contract with the homeowners, and the building permit issued to it by the Polk County Building Department; US Solar owed Plaintiff a nondelegable duty of care to;

    i.   Maintain the construction jobsite and premises in a reasonably safe condition;[8]

    ii.   The duty to ensure that no subcontractor such as L&V created a dangerous condition that that posed a danger to others on the jobsite.[9]

    iii.   The duty to warn of any hidden dangers of which US Solar had superior knowledge and which were not readily apparent.

    iv.   The duty to provide a reasonably safe place in which to work, with a reasonably safe machinery, tools, and implements to work with, and with suitable and competent fellow servants to work with him, and to supply a sufficient number of servants to perform the work with reasonable and ordinary safety to those engaged in it.[10]

---

[8]See *Lewis v. Sims Crane Serv., Inc.*, 498 So. 2d 573, 574-75 (Fla. 3d DCA 1986); *Pratus v. Marzucco's Constr. & Coatings, Inc.*, 310 So. 3d 146, 148 (Fla. 2d DCA 2021).
[9]See *Worthington Cmtys., Inc. v. Mejia*, 28 So. 3d 79, 87 (Fla. 2d DCA 2009).
[10]*See McGee v. C. Ed De Brauwere & Co.*, 117 Fla. 859, 862, 162 So. 510, 512 (1935).

42.    US Solar breached these duties of care by engaging in the following acts and omissions:

a.   Failing to design and install the solar panels in compliance with including *inter alia* Florida Building Code § M2301.2.2.2; Florida Statutes § 377.705(4)(a-d); 29 CFR 200.950(a)(1); and *FSEC Standard 104-10 § 6.5.13* which resulted in US Solar having to perform additional tree trimming and removal at the jobsite due to the shadowing caused by these external obstructions.

b.   Failing to comply with National Fire Protection Association Fire Code NFPA 1 §§ 10.13.9 (Provisions for Natural Cut Trees); 10.13.10 (exterior vegetation).

c.   Directing Plaintiff to perform tree trimming at an elevated height without required safety equipment including fall protection gear;

d.   Failing to properly train Plaintiff regarding the use and operation of safety equipment;

e.   Hiring insufficient workers to safely perform the tree trimming work it had been hired to perform;

f.   Failing to adequately supervise and monitor the work being performed by Plaintiff;

g.   Failing to ensure the presence of a competent safety personnel and foremen at the jobsite;

h.   Failing to enforce industry standard safety protocols for tree trimming and working from at an elevated height;

i.   Failing to ensure US Solar and L&V observed proper safety protocols and procedures while performing work at the jobsite;

j.   Failing to make diligent inquiry into the qualifications and ability of L&V to safely and competently perform professional tree trimming work;

k.   Failing to ensure that L&V's employees were properly trained and qualified to perform specialized tree trimming work required for solar panel installations;

43.     As a direct and proximate result of the foregoing negligent acts on December 14, 2020, Plaintiff was severely injured when at the direction of US Solar and its subcontractor L&V, Plaintiff was ordered to trim tree branches which were located an elevation of over 20 feet without supervision or proper training at the subject location. At all times US Solar and L&V were fully aware that Plaintiff was not wearing proper safety equipment and had no previous experience performing specialized tree trimming work required for solar panel installations. Subsequently, while attempting to trim the tree branches which US Solar had determined were causing the solar panel installation to malfunction a branch on the tree gave way causing the Plaintiff to fall to the ground sustaining severe injuries.

<u>Damages of Plaintiffs</u>

44.     <u>Plaintiff Ausencio Feria</u>

   a.   As a further direct and proximate result and/or concurring cause of the negligence of US Solar as described above, Plaintiff, suffered great bodily injury and resulting physical pain and suffering, disability, disfigurement, mental anguish, suffering and disability, loss of the capacity for the enjoyment of life, expensive hospitalization, medical nursing care and treatment, loss of past earnings, loss of the ability to earn money in the future, and aggravation of an existing condition.  The losses are permanent in nature, and the Plaintiff will suffer said losses in the future.

45.     <u>Minor children Ay.M, K.M., A.M., and C.S</u>

   a.   At all times Plaintiff Ausencio Feria was the natural father and guardian of his minor children Ay.M, K.M., A.M., and C.S.

   b.   As a result of the negligence of US Solar as alleged herein, Plaintiff suffered significant permanent injuries and permanent disability.

15

c. Therefore, pursuant to Florida Statutes § 768.0415, Ay.M, K.M., A.M., and C.S as the minor children of Plaintiff are entitled to damages, including damages for mental anguish, permanent loss of services, comfort, companionship, and society.

WHEREFORE Plaintiff demands judgement for damages against US Solar and trial by jury of all issues so triable as of right.

## COUNT III
(Negligence as to US Solar – Vicarious Liability)

46. Plaintiff repeats and realleges paragraphs 1-11.

47. On or about February 27, 2020, US Solar applied for and received a permit from the Polk County Building Department for the installation of a residential solar roof-mounted photovoltaic system at the subject location. **See Exhibit  A – Polk County Building Permit**.

48. Pursuant to the terms of the building permit, US Solar was identified as the primary contractor who would be responsible for performing the solar panel installation and complying with all applicable building codes and regulations relating to this work.

49. Pursuant to the design engineering and specifications which US Solar submitted to the Polk County Building Department, US Solar was obligated to perform this construction work in full compliance with all applicable regulations including but not limited to the Florida Building Code and the National Fire Protection Association Fire Code NFPA 1 §§ 10.13.9 (Provisions for Natural Cut Trees); 10.13.10 (exterior vegetation). **See Exhibit B – US Solar Design Engineering Specification for subject location**.

50. Pursuant to Florida Building Code § M2301.2.2.2; Florida Statutes § 377.705(4)(a-d); 29 CFR 200.950(a)(1); and *FSEC Standard 104-10 § 6.5.13*, US Solar was required to perform the solar panel installation in accordance with the standards published by the Florida Solar Energy Center including *FSEC Standard 104-10 § 6.5.13 Shading of Collector*.

16

51. Pursuant to *FSEC Standard 104-10 § 6.5.13* US Solar was also required to ensure that the orientation of the collector would be such that it was not shaded by external obstructions or mutual shadowing more than the specified period allowed for in the design.

52. On or about November 6, 2020, US Solar was notified by the homeowners at the subject that the solar panels it had installed were underperforming or malfunctioning. After determining that the underperformance/malfunctioning of its solar panel installation was due to shading caused by trees, US Solar agreed to trim the trees at the subject location.

53. Pursuant to the terms of the agreement between the homeowners and US Solar; US Solar agreed that US Solar and L&V would complete tree trimming at the subject location "*with professionalism and by using all recommended safety procedures*" to ensure the that the photovoltaic system being installed was in adequate sunlight in order to produce the solar energy required. **See Exhibit C – US Solar Tree Trimming Completion Form.**

54. Subsequently, on December 11, 2020, US Solar hired L&V as a subcontractor to conduct the tree trimming at the subject location which it had previously agreed to perform pursuant to its agreement with the homeowners.

55. Thus, at all times during the tree trimming operations at the subject location L&V was acting in the course and scope of its agency relationship with its principal US Solar, in that;

    a. US Solar was at all times required to supervise and participate in the day-to-day operations of its subcontractor L&V.

    b. Pursuant to US Solar's agreement with the homeowners, the tree trimming work was performed jointly and at US Solar's direction "*to ensure that the photovoltaic system being installed is in adequate sunlight in order to produce the solar energy required.*" **See Exhibit C.**

c. At all times the tree trimming work being performed was part of US Solar's regular business of contracting to install roof mounted solar panel heating and electrical systems.

d. US Solar exercised complete control over the exact nature of the tree trimming work which was to be performed by L&V, including

    i. which safety procedures were followed;

    ii. which trees were to be trimmed or cut and how they were to be cut;

    iii. the time period during which the work was to be performed;

    iv. how the area was to be cleaned;

    v. the level of workmanship required for the tree trimming;

    vi. US Solar required L&V to ensure that its tree trimming work was performed 100% to the homeowners' satisfaction.

e. The tree trimming work was performed under US Solar's direction and supervision in order to eliminate the shading of the solar collector by the surrounding trees as required by *FSEC Standard 104-10 § 6.5.13 Shading of Collector*.

56. Therefore, US Solar is vicariously liable for the following negligent acts of L&V which occurred in the course and scope of L&V's agency relationship with US Solar.

a. Directing Plaintiff to perform tree trimming at an elevated height without required safety equipment including fall protection gear;

b. Failing to properly train plaintiff regard the use and operation of safety equipment;

c. Hiring insufficient workers to safely perform the tree trimming work it had been hired to perform;

d. Failing to adequately supervise and monitor the work being performed by Plaintiff;

e.  Failing to ensure the presence of a competent safety personnel and foremen at the jobsite to ensure that all tree trimming was conducted in a safe manner;

f.  Failing to enforce industry standard safety protocols for tree trimming and working from at an elevated height;

g.  Failing to ensure L&V observed proper safety protocols and procedures while performing work at the jobsite;

h.  Failure to furnish the appropriate equipment and tools required to safely conduct the tree trimming at the subject location and thus avoiding Plaintiff having to scale the tree;

i.  Failing to make diligent inquiry into the qualifications and ability of L&V to safely and competently perform professional tree trimming work;

j.  Failing to ensure that L&V's employees were properly trained and qualified to perform specialized tree trimming work required for solar panel installations;

57.   As a direct and proximate result of the foregoing negligent acts on December 14, 2020, Plaintiff was severely injured and when at the direction of US Solar and its subcontractor L&V, Plaintiff was ordered to trim tree branches which were located an elevation of over 20 feet without supervision or proper training at the subject location. At all times US Solar and L&V were fully aware that Plaintiff was not wearing proper safety equipment and had no previous experience performing specialized tree trimming work required for solar panel installations. Subsequently, while attempting to trim the tree branches which US Solar had determined were causing the solar panel installation to malfunction a branch on the tree gave way causing the Plaintiff to fall to the ground.

Damages of Plaintiffs

58.  Plaintiff Ausencio Feria

a.  As a further direct and proximate result and/or concurring cause of the negligence of US Solar as described above, Plaintiff, suffered great bodily injury and resulting physical pain and suffering, disability, disfigurement, mental anguish, suffering and disability, loss of the capacity for the enjoyment of life, expensive hospitalization, medical nursing care and treatment, loss of past earnings, loss of the ability to earn money in the future, and aggravation of an existing condition.  The losses are permanent in nature, and the Plaintiff will suffer said losses in the future.

59.  Minor children Ay.M, K.M., A.M., and C.S

a.  At all times Plaintiff Ausencio Feria was the natural father and guardian of his minor children Ay.M, K.M., A.M., and C.S

b.  As a result of the negligence of US Solar as alleged herein, Plaintiff suffered significant permanent injuries and permanent disability.

c.  Therefore, pursuant to Florida Statutes § 768.0415, Ay.M, K.M., A.M., and C.S as the minor children of Plaintiff are entitled to damages, including damages for mental anguish, permanent loss of services, comfort, companionship, and society.

WHEREFORE Plaintiff demands judgement for damages against US Solar and trial by jury of all issues so triable as of right.

## COUNT IV
(Negligence as to L&V – Failure to Provide a safe workplace)

60.    Plaintiff repeats and realleges paragraphs 1-11.

61.    On or about February 27, 2020 US Solar applied for and received a permit from the Polk County Building Department for the installation of a residential solar roof-mounted photovoltaic system at the subject location. **See Exhibit  A – Polk County Building Permit**.

62.    On or about November 6, 2020, US Solar was notified by the homeowners at the subject location that the solar panels it had installed were underperforming or malfunctioning.

63.    After determining that the underperformance/malfunctioning of US Solar's solar panel installation was due to shading caused by trees at the subject location US Solar agreed to trim the trees at the subject location.

64.    Subsequently, on December 11, 2020, Plaintiff was hired to perform tree trimming services on behalf of US Solar and its subcontractor L&V as the subject location.

65.    As L&V was present on the subject premises prior to the Plaintiff, L&V had superior actual or constructive knowledge of all hidden dangers at the subject location including the condition of and location of any week or unstable tree branches, which would not have been readily apparent to the Plaintiff.

66.    Accordingly, as the subcontractor jointly responsible for performing the tree trimming at the subject location L&V owed the Plaintiff who had been hired to work for L&V and US Solar a duty to keep the entire jobsite reasonably safe and ensure that no subcontractor created a condition that poses an unreasonable danger to others on the jobsite.

67.    L&V breached these duties of care by engaging in the following acts and omissions:

a.    Directing Plaintiff to perform tree trimming at an elevated height which and without required safety equipment including fall protection gear;

b.  Failing to properly train plaintiff regard the use and operation of safety equipment;

c.  Hiring insufficient workers to safely perform the tree trimming work it had been hired to perform;

d.  Failing to adequately supervise and monitor the work being performed by Plaintiff;

e.  Failing to ensure the presence of a competent safety personnel and foreman at the jobsite to ensure that all tree trimming was conducted in a safe manner;

f.  Failing to enforce industry standard safety protocols for tree trimming and working from at an elevated height;

g.  Failing to ensure L&V's foremen and supervisors observed proper safety protocols and procedures while performing work at the jobsite;

h.  Failure to furnish the appropriate equipment and tools required to safely conduct the tree trimming at the subject location and thus avoiding Plaintiff having to scale the tree.

i.  Failing to make diligent inquiry into the qualifications and ability of its employees to safely and competently perform professional tree trimming work;

j.  Failing to ensure that L&V's employees were properly trained and qualified to perform specialized tree trimming work required for solar panel installations;

68.  As a direct and proximate result of the foregoing negligent acts on December 14, 2020, Plaintiff was severely injured and rendered a paraplegic when at the direction of US Solar and its subcontractor L&V, Plaintiff was ordered to trim tree branches which were located an elevation of over 20 feet without supervision or proper training at the subject location. At all times US Solar and L&V were fully aware that Plaintiff was not wearing proper safety equipment and had no previous experience performing specialized tree trimming work required for solar panel installations. Subsequently, while

attempting to trim the tree branches which US Solar had determined were causing the solar panel installation to malfunction a branch on the tree gave way causing the Plaintiff to fall to the ground.

<u>Damages of Plaintiffs</u>

69. <u>Plaintiff Ausencio Feria</u>

    a. As a further direct and proximate result and/or concurring cause of the negligence of L&V as described above, Plaintiff, suffered great bodily injury and resulting physical pain and suffering, disability, disfigurement, mental anguish, suffering and disability, loss of the capacity for the enjoyment of life, expensive hospitalization, medical nursing care and treatment, loss of past earnings, loss of the ability to earn money in the future, and aggravation of an existing condition.  The losses are permanent in nature, and the Plaintiff will suffer said losses in the future.

70. <u>Minor children Ay.M, K.M., A.M., and C.S</u>

    a. At all times Plaintiff Ausencio Feria was the natural father and guardian of his minor children Ay.M, K.M., A.M., and C.S.

    b. As a result of the negligence of L&V as alleged herein, Plaintiff suffered significant permanent injuries and permanent disability.

    c. Therefore, pursuant to Florida Statutes § 768.0415, Ay.M, K.M., A.M., and C.S as the minor children of Plaintiff are entitled to damages, including damages for mental anguish, permanent loss of services, comfort, companionship, and society.

WHEREFORE Plaintiff demands judgement for damages against L&V and trial by jury of all issues so triable as of right.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 1, 2021, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing documents are being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF; and on Defendant L & V Landscaping and Tree Service, LLC pursuant to Fed. R. Civ. P. 5(b)(2)(C)  by US Mail.

Rywant, Alvarez, Jones, Russo & Guyton, P.A.
Kerry C. McGuinn, Jr.
Gregory D. Jones
302 Knights Run Avenue, Suite 1000
Tampa, Florida 33602
kmcguinn@rywantalvarez.com
gjones@rywantalvarez.com
jmolina@rywantalvarez.com
Phone:  (813) 229-7007
Fax:  (813) 223-6544

L & V LANDSCAPING AND TREE SERVICE, LLC
ANA LEILY RODRIGUEZ OCHOA,
12711 N Ola Ave, Tampa, FL 33612


By:

Attorneys for Plaintiff
/s/ Raymond R. Dieppa
Raymond R. Dieppa, Esq.
FLORIDA LEGAL, LLC
Florida Bar No. 27690
E-Mail: ray.dieppa@floridalegal.law
12550 Biscayne Boulevard, Suite 405
North Miami, Florida 33181
(t) (305) 901-2209
(f) (786) 870-4030


Alejandro Garcia, Esq, Will B. Ramhofer, Esq.
RAMHOFER | GARCIA
11900 Biscayne Blvd., Suite 742

24

North Miami, FL  33181
Telephone: (305) 481-9733
Fax:  (954) 697-0341
wramhofer@ramhofergarcia.com